**In re MUNSON S. S. LINE.***

**FOUST v. MUNSON S. S. LINE et al.**

**No. 77.**

Circuit Court of Appeals, Second Circuit.

Jan. 6, 1936.

Gazan & Caldwell, of New York City, for appellant, Baxter N. Foust, as administrator, etc.

Tompkins, Boal & Tompkins and White & Case, all of New York City (Arthur M. Boal, Charles J. Fay, and Alfred N. Heuston, all of New York City, of counsel), for appellees.

Before L. HAND, SWAN, and AUGUSTUS N. HAND, Circuit Judges.

AUGUSTUS N. HAND, Circuit Judge.

The debtor, Munson Steamship Line, on June 11, 1934, filed a petition for reorganization under section 77B of the Bankruptcy Act (11 U.S.C.A. § 207). On June 13, 1934, the District Court made an order approving the petition and appointing Edward P. Farley and Morton L. Fearey temporary trustees and enjoining all persons "from instituting or prosecuting or continuing the prosecution of any action at law or action or proceeding in equity or admiralty or bankruptcy against the debtor or the trustees in any court of law or equity or admiralty or bankruptcy. * * *"

The appellant, Baxter N. Foust, as administrator, on February 1, 1934, brought an action against the Munson Steamship Line, under the Jones Act (46 U.S.C.A. § 688), to recover damages for the death of Coy E. Foust, a seaman employed on one of its steamers, which was alleged to have been caused by the negligence of the defendant in not providing the seaman with a safe place to work. On February 7, 1934, the defendant filed its answer.

On January 26, 1935, Baxter N. Foust, as administrator, made a motion before the District Court in the proceeding under

*For supplemental opinion, see —— F.(2d) ——.

section 77B for the modification of the restraining order so as to permit him to prosecute his claim. It was stated in the moving affidavit that the Munson Steamship Line was covered by liability insurance, that any judgment recovered would have to be paid by the insurance company, and that, if the administrator should be allowed to obtain judgment in the pending action, he would then bring suit under section 109 of the Insurance Law of the state of New York (Consol. Laws, c. 28) for the satisfaction of the award. It was also alleged that under the Merchant Marine Act of 1920, 41 Stat. 988, and the Bankruptcy Act, as amended in 1934, the claimant was entitled to a trial by jury and that his claim was preferred.

The court made an order denying the motion to modify the order, as it had done in the cases of three other tort claimants, and provided that a special master should be appointed to hear and report as to the claim, if Foust should so desire. It is from that order that the present appeal was taken. We allowed the appeal upon the theory that the only question was whether the District Court had any power to stay the action and instructed counsel only to argue that point. Accordingly, we must determine whether there was power in the District Court to stay the action of Foust in the Supreme Court of New York.

In clause (c) (10) of section 77B (11 U.S.C.A. § 207 (c) (10) it is provided that, in addition to the power given by section 11 of the original Bankruptcy Act (11 U.S. C.A. § 29) to grant stays of suits founded upon claims from which a discharge would be a release, the judge in the 77B proceeding "may enjoin or stay the commencement or continuation of suits against the debtor until after final decree." The power to grant stays in aid of a reorganization is thus far more sweeping than the power granted in ordinary cases of bankruptcy, and in Continental Illinois Nat. Bank v. Chicago, Rock Island R. Co., 294 U.S. 648, 55 S.Ct. 595, 79 L.Ed. 1110, the Supreme Court upheld a stay in the case of a railroad reorganization under section 77 (11 U.S.C.A. § 205) even where it was to prevent banks holding collateral notes from selling the collateral under the terms of their contracts.

But the claim of Foust as administrator is dischargeable in a 77B proceeding so that there was power to enjoin its prosecution not only under (c) (10) of 77B (11 U.S.C.A. § 207 (c) (10) but under section 11 of the original Bankruptcy Act (11 U.S.C.A. § 29). Section 77B (b) (10), 11 U.S.C.A. § 207(b) (10) defines creditors as "all holders of claims of whatever character against the debtor or its property," and clause (h), 11 U.S.C.A. § 207(h), provides that the final decree confirming the plan of reorganization "shall discharge the debtor from its debts and liabilities." It is apparent from this broad language of clauses (b) (10) and (h), supra, that a discharge of the debtor under a plan of reorganization is not dependent on whether the claim in question would be dischargeable in a strict bankruptcy proceeding but embraces liabilities of every kind whether fixed or contingent. Indeed, reorganizations would often be impracticable if the plans did not provide for a discharge of all liabilities and if resumption of business left the debtor with tort liabilities which had not been adjudicated prior to the filing of the 77B petition. The words of clause (h) granting a discharge, not only from debts, but from "liabilities," and also the language of clause (c) (6), 11 U.S.C.A. § 207 (c) (6), which requires the judge to set a time within which the claims of stockholders as well as those of creditors shall be proved, make it plain that liabilities of every kind are to be discharged in a reorganization under section 77B. Subdivision (k), 11 U.S.C.A. § 207 (k), dealing with an order for liquidation of the estate, where a plan of reorganization has failed, and subdivision (o), 11 U.S.C.A. § 207 (o), making the provisions of the old Bankruptcy Act generally applicable in 77B proceedings, are to be read with the limitations in clauses (b) (10), (c) (6) and (h), supra. In view of the foregoing, we hold that there was power in the District Court to stay the action by Foust.

At the time we allowed the appeal we thought that the only question to be considered was the power of the District Court to stay the action brought by Foust, but a perusal of the record upon this appeal leaves us with considerable doubt whether it was just to grant a stay against all proceedings in the action in the state court. As we have already said, the Munson Steamship Line was covered by liability insurance. Section 109 of the Insurance Law of the state of New York requires that a liability policy shall contain a provision that "the insolvency or bankruptcy of the person insured shall not re-

lease the insurance carrier from the payment of damages for injury sustained or loss occasioned during the life of such policy, and stating that in case execution against the insured is returned unsatisfied in an action brought by the injured person, or his or her personal representative in case death results from the accident, because of such insolvency or bankruptcy, then an action may be maintained by the injured person, or his or her personal representative, against such corporation under the terms of the policy for the amount of the judgment in the said action not exceeding the amount of the policy."

Now the condition of liability of the insurance company under the policy will only be fulfilled if a judgment is recovered by the claimant and an execution thereon is returned unsatisfied. It is somewhat doubtful whether an order of the bankruptcy court allowing Foust's claim would be the equivalent of the execution required by section 109 of the Insurance Law, for an execution never issues out of that court, at least in a literal sense. But, even if an order of the bankruptcy court allowing the claim could be said to be the equivalent of an execution, the question would arise whether Foust, after receiving from the Munson Steamship Line whatever dividend might be paid him under the plan of reorganization, would be able to recover the balance of his claim from the carrier to the extent that such balance, plus what he had received as a dividend, did not exceed the face of the policy. This would depend on whether the words "returned unsatisfied" in section 109 not only mean "wholly" but also "partially unsatisfied." The latter meaning of "unsatisfied" would subject the carrier to two actions, one by the insured Munson Line to recover the dividend paid and the other by Foust for any balance not in excess of the policy. It may be argued with some, though not altogether convincing, force that such twofold causes of action are not authorized by section 109. It would probably simplify matters to allow the action in the state court to proceed. If Foust should recover judgment in that action, the execution would be returned "unsatisfied," and he then could proceed to collect his whole claim from the carrier by direct suit pursuant to section 109. But it is common experience that jurors often return far larger verdicts in negligence actions than reason justifies. The trustees of the debtor have a perfect right to take this into account and not to accede to a method for the liquidation of the tort claims that is unusual in bankruptcy unless the ordinary method of proof before a special master would imperil the claimant's rights. If Foust is willing to stipulate not to use any judgment he may recover in the state action as a claim against the estate, there could be no objection to allowing that action to proceed to judgment. It may be argued that such a stipulation would endanger his rights against the carrier, but it is hard to see how it could if the execution was returned wholly unsatisfied. Such a return would create a direct liability to Foust on the part of the carrier. The latter would, however, in no event be compelled to pay more than the amount of the damages for the death of Foust's decedent so far as that amount did not exceed the face of the policy.

Although the order allowing this appeal was in general terms, none of the problems we have suggested has been discussed, because we said in our per curiam opinion [1] that only the *power* to grant a stay would be considered. The appeal should not be finally determined without giving the parties a chance to present their views as to whether the District Court ought not to allow the state court action to proceed to judgment. There would be no occasion to do this if the appellant Foust is willing to stipulate not to use any judgment recovered in his favor as a claim against the debtor's estate. But, if such a stipulation is not filed by the appellant within three days, supplemental briefs shall be filed within ten days thereafter relating to the propriety of the exercise of the judicial discretion of the District Court, whereupon we shall determine whether the stay ought to stand in the absolute form in which it was granted.

[1] Opinion withdrawn.